People of State of Illinois for Use of William A. Jones, and William A. Jones, Appellants, v. Harry Leviton et al., Appellees.

Gen. No. 43,359.

Heard in the second division of this court for the first district at the April term, 1945. Opinion filed December 18, 1945. Released for publication January 2, 1946.

PETER S. SARELAS, of Chicago, for appellants; G. A. BOSOMBURG, of Chicago, of counsel.

AARON R. EPPSTEIN, of Chicago, for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This action was brought by plaintiffs, People of the State of Illinois for the use of William A. Jones and William A. Jones (hereinafter for convenience referred to collectively as plaintiff or William A. Jones), against defendants, Harry Leviton, United States Fidelity and Guaranty Company and Harry K. Ward, and this appeal seeks to reverse a judgment order dismissing this suit, which was entered after the motion

of defendants, Harry Leviton and United States Fidelity and Guaranty Company, to strike plaintiff's complaint had been sustained. Defendant Ward filed an answer which the trial court permitted him to withdraw on the same day the suit was ordered dismissed, although he had not filed or joined with the other defendants in filing a motion to strike the complaint. Ward was actually in default when the suit was dismissed as to him. Leviton and the United States Fidelity and Guaranty Company will sometimes hereinafter for convenience be referred to as the defendants.

The complaint consisted of two counts, the first of which alleged in substance that Harry Leviton, after he had been elected to the office of Justice of the Peace, had taken his oath of office and filed his qualifying bond with the United States Fidelity and Guaranty Company as surety; and that in violation of his oath of office and of the obligation of his bond he committed the several corrupt acts hereinafter set forth in and concerning an attachment proceeding pending before him, wherein Harry K. Ward, one of the defendants herein, was plaintiff, Thomas R. Jones was the principal defendant and William A. Jones, the plaintiff herein, was garnishee.

It was then alleged in the first count that Harry Leviton, for the purpose of benefiting Harry K. Ward and injuring the plaintiff, "struck out garnishee's sworn answer, which showed that the garnishee had no assets of any kind belonging to the main defendant"; that "Leviton assumed the power to and did enter a rule on the garnishee to answer oral interrogatories on August 21, 1942 at 1: 00 p. m."; that "although Leviton knew and his records showed that no copy of the rule and no subpoena was served on the garnishee before August 21, 1942, he entered a final judgment against the garnishee, William A. Jones, on August 21, 1942, at 1: 00 p. m. for $210.75, without any evidence

in support of said final judgment''; that up to that time no attempt had been made to secure service on the principal defendant, Thomas R. Jones, either by personal service or by publication; that at the time of the entry of the final judgment for $210.75 against the garnishee no judgment had been entered against the principal defendant, Thomas R. Jones, and none could have been entered because of lack of service upon him; that notwithstanding such lack of service the defendant, Leviton, corruptly certified to the circuit court on the garnishee's appeal, case No. 42-C-12301, that judgment by default had been entered for $325 against the principal defendant, Thomas R. Jones, before the final judgment against the garnishee was entered; and that Leviton certified in his transcript that judgment by default was entered against the principal defendant, Thomas R. Jones, on August 21, 1942 in an effort to ''cover up'' the corrupt entry of final judgment for $210.75 against William A. Jones, his garnishee.

It was further alleged that ''Harry Leviton is a lawyer who, for many years prior to the acts complained of, specialized in Justice of the Peace matters and, therefore, knew and ought to know that what he was doing in the attachment case in question was unlawful, illegal and a violation of his duty as Justice of the Peace and the obligation of his bond''; that ''he committed the said wrongful and illegal acts with intent to injure the plaintiff herein, William A. Jones, who was garnishee in his court, and to help his co-conspirator and defendant herein, Harry K. Ward; that said wrongful acts caused considerable expense to the plaintiff herein; and that ''the Circuit court of Cook County, to which an appeal was perfected by garnishee, William A. Jones, from the final judgment corruptly entered by Harry Leviton, quashed the attachment writ and dismissed the attachment suit.''

The first count concluded with a prayer for ''judgment against the defendant, Harry Leviton, for $10,000,

said judgment to include and incorporate therein that malice is the gist of the action; and judgment against the defendant, United States Fidelity and Guaranty Company, a corporation for $2,000.''

Although Harry K. Ward was named as a defendant in the first count of the complaint no relief against him was sought therein.

The second count of the complaint averred in detail the alleged corrupt acts of Harry Leviton as heretofore set forth in the first count and charged that said acts were committed by him as Justice of the Peace as the result of a conspiracy between him and Harry K. Ward, plaintiff in the attachment proceedings, for the purpose of exacting large sums of money from William A. Jones, the garnishee in said attachment suit and the plaintiff herein, and that the attachment writ, the attachment proceedings in their entirety, the rule on the garnishee to answer oral interrogatories and the corrupt entry and certification to the circuit court on appeal of a judgment against the principal defendant as well as a judgment against the garnishee constituted a malicious abuse of process for which Justice of the Peace Harry Leviton and his confederate Harry K. Ward are answerable to the plaintiff for both actual and punitive damages.

The motion of Harry Leviton and the United States Fidelity and Guaranty Company to strike plaintiff's complaint and for judgment was directed only to the first count of the complaint and the following grounds were asserted in said motion: ''1. There is a misjoinder of parties defendant. 2. There is a misjoinder of counts. 3. Paragraphs 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of said complaint are insufficient because they set forth conclusions of law and fact.''

Plaintiff's theory as stated in his brief is that ''misjoinder of parties or counts is not ground for involuntary dismissal''; that ''a motion to strike admits all facts well pleaded,'' that ''the facts alleged in Count 1

show a breach of the obligation in Harry Leviton's bond to 'well and faithfully perform all the duties of his office' as Justice of the Peace, for which both the Justice and his surety became answerable to the plaintiff herein for damages'' and that ''the facts alleged in Count II state a good cause of action of abuse of process against the Justice, Harry Leviton, and his confederate Harry K. Ward.''

Defendants' theory is that ''there was a misjoinder of defendants and a misjoinder of causes of action in the manner in which the plaintiffs pleaded''; that ''the two counts stated conclusions and not ultimate facts, and each of the two counts was substantially insufficient in law and did not state a cause of action''; that ''the plaintiffs did not ask leave to amend, but elected to stand on their complaint, and the court properly dismissed the suit''; that ''in this situation the plaintiffs are not warranted in asking the appellate court to remand the cause''; and that ''there was no error in allowing defendants to amend the motion to strike.''

In the same order in and by which plaintiff's complaint was stricken and his suit dismissed, the trial court granted the defendants, Harry Leviton and the United States Fidelity and Guaranty Company, leave ''to amend motion to dismiss to include Count 2 of the Complaint.'' It is asserted that ''there was no error in allowing defendants to amend the motion to strike.'' This may be conceded and while it is true that the trial court did grant them leave to amend said motion to strike to include count two of the complaint, the record fails to disclose that such amendment was ever made or filled by them. It will therefore be only necessary to consider defendants' motion to strike in so far as it pertains to count one of the complaint.

█ While it is of course the rule that if a complaint is stricken and the plaintiff does not ask leave to amend same but elects to stand thereon, the court may dismiss the suit, it is also the rule that where a plaintiff elects

to abide by his stricken complaint and the dismissal of his suit follows, he is entitled to have the sufficiency of such complaint reviewed on appeal.

It will be noted that defendants' motion to strike is in the form of a general demurrer. They claim that they filed said motion under section 45 of the Civil Practice Act (par. 169, chap. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.045]), which provides as follows:

"All objections to pleadings heretofore raised by demurrer shall be raised by motion. *Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate,* such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary parties be added, or *that designated misjoined parties be dismissed and so forth.*

"Where a pleading or a division thereof is objected to by a motion to dismiss or for judgment or to strike out the pleading, because it is substantially insufficient in law, *the motion must specify wherein such pleading or division thereof is insufficient.*

"After rulings on motions, the court may make such orders as to pleading over or amending as may be just." (Italic ours.)

As heretofore shown, the third ground set forth in defendants' motion to strike was that "Paragraphs 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of said complaint are insufficient because they set forth conclusions of law and fact." We will first consider whether this alleged reason for striking the first count of the complaint met the requirements of the foregoing section of the Civil Practice Act. Defendants did not even claim in this averment that the first count of the complaint was insufficient in law to state a cause of action

but merely that certain paragraphs thereof "set forth conclusions of law and fact." It is almost impossible to draft a complaint which does not include allegations of conclusions of law and fact and such allegations do not render a complaint defective if facts are averred therein which warrant prima facie the conclusions alleged. The first count of the complaint charged Leviton as Justice of the Peace with wilfully, corruptly and maliciously entering a judgment and falsifying his record as to same and committing the other acts enumerated in said count and asked for punitive and actual damages and a finding against Leviton that malice was the gist of the action. The first count also asked that the United States Fidelity and Guaranty Company be found liable on the obligation of its bond. In our opinion the facts alleged in the first count sufficiently stated a cause of action against both Leviton and the United States Fidelity and Guaranty Company.

It is readily apparent that defendants' motion to strike did not conform in the slightest degree with the provisions of section 45 of the Civil Practice Act, under the authority of which section they claim to have filed such motion. If as defendants contend the first count was duplicitous because it stated two distinct and separate causes of action against Leviton as Justice of the Peace and the United States Fidelity and Guaranty Company as surety on his bond, it was mandatory under section 45 that their motion to strike (1) "point out specifically the defects complained of" and (2) that they "ask for such relief as the nature of the defects may make appropriate."

While the law is settled that a Justice of the Peace is not liable for damages for any error or irregularity in the performance of his duties within the scope of his jurisdiction, it is also the law in this State that a Justice of the Peace, even though he is acting within the scope of his jurisdiction, can be made to answer civilly or criminally if he has acted maliciously and corruptly in the performance of his duties or has

falsified his record. Defendants contend that "all the acts complained of were acts within the jurisdiction of the Justice of the Peace," that "they all were the exercise of judicial powers" and that although Leviton "acts corruptly within his jurisdiction he is not civilly liable." In support of this contention they rely principally upon *People ex rel. Cech v. Christy,* 245 Ill. App. 517, where the court quoting from 35 C. J. 471, section 32, said at p. 522: "By the weight of authority a justice acting within his jurisdiction is not civilly liable, even though he acts corruptly or maliciously, the remedy for fraud or corruption being by impeachment." The *Christy* case refers to *Lancaster v. Lane,* 19 Ill. 242, *Outlaw v. Davis,* 27 Ill. 467, and *Feld v. Loftis,* 240 Ill. 105, as supporting the rule that a Justice of the Peace acting within his jurisdiction is not civilly liable even though he acts corruptly or maliciously. An examination of these cases discloses that none of them supports or even refers to any such rule. All that these cases hold is that a Justice of the Peace is not liable for damages for any error or irregularity in the performance of his duties within the scope of his jurisdiction. The sentence immediately following the rule quoted in the *Christy* case from 35 C. J. states that in some jurisdictions the rule is "that corrupt or malicious acts on the part of a Justice will render him liable for damages." In support of this latter rule the case of *Reddish v. Shaw,* 111 Ill. App. 337, is cited. In that case the court said at p. 339: "If the justice has acted corruptly, or falsified his record, he can be made to answer civilly and criminally. *Garfield v. Douglass,* 22 Ill. 100." In *Garfield v. Douglass,* 22 Ill. 100, the court said at p. 102: "If the justice corruptly, or from improper motives, changed the original entry made by him, he may be prosecuted both civilly and criminally . . . ."

In so far as we have been able to ascertain the law as enunciated in the foregoing cases has never been deviated from. Therefore, while the rule may be other-

wise in some jurisdictions, in this State if a Justice of the Peace "has acted corruptly, or falsified his record, he can be made to answer civilly or criminally."

In the comparatively recent case of *People v. Braun,* 303 Ill. App. 177, a police magistrate was indicted with others, including several police officers. They were charged with conspiring unjustly and oppressively to extort money from motorists. In that case the police officers arrested the motorists in large numbers and brought them before the police magistrate, where they were each charged with driving in excess of the speed limit provided by law and tried on such charge by the police magistrate. There was no question in the *Braun* case but that the magistrate had jurisdiction of the offense and of each accused motorist who was tried by him. There the magistrate was found guilty and sentenced to one year in the House of Correction and fined $2,000. His conviction was affirmed by this court in *People v. Braun, supra,* and by the Supreme Court (*People v. Braun,* 375 Ill. 284).

This brings us to the consideration of defendants' contention that "the court properly sustained the motion to strike on the ground of misjoinder of defendants and causes of action." A complete answer to this contention is found in sections 24 (1) and 26 of the Civil Practice Act (pars. 148 and 150, ch. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.024, 104.026]). Said sections provide as follows:

"Sec. 24 (1): Any person may be made a defendant, who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the same arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of

the same transaction or series of transactions, regardless of the number of causes of action joined.

"Sec. 26. No action shall be defeated by nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require."

■ Where each of several counts of a complaint sufficiently states a cause of action and complies in all other respects with the foregoing statutory provisions, a mere reading of these sections of the Civil Practice Act demonstrates that they prohibit the dismissal of an action because of the claimed misjoinder of the defendants or the causes of action. Since we have already held that the facts alleged in the first count of the complaint were sufficient in law to state a good cause of action and since in both counts common questions of law and fact are involved and the asserted liability against the defendants arose out of the same transaction or series of transactions the dismissal of this action was improper on the grounds that there was a misjoinder of parties or causes of action in the complaint (*Baker v. S. A. Healy Co.,* 302 Ill App. 634, 24 N. E. (2d) 228).

We are not unmindful of the fact that the first count of the complaint was inaptly drawn in that there was blended therein an action in tort against Leviton and an action in contract against the United States Fidelity and Guaranty Company as surety on his bond, but even the blending of these two causes of action in one count did not warrant the order of dismissal of the suit. On an appropriate motion under section 45 of the Civil Practice Act, pointing out specifically the defects complained of, the trial judge could have directed plaintiff to state his cause of action in contract against the United States Fidelity and Guaranty Company in a separate count, since said section provides that "the court may make such orders as to pleading over or

amending as may be just.'' It will also be noted that section 26 [Ill. Rev. Stat. 1943, ch. 110, par. 150; Jones Ill. Stats. Ann. 104.026] after providing that ''no action shall be defeated by nonjoinder or misjoinder of parties,'' further provides that ''new parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require.''

We think that sections 24 (1), 26 and 45, if properly complied with, afford ample protection to the rights of defendants who claim that there has been a misjoinder of defendants or causes of action in a complaint. This is especially true since ''at any stage of the cause'' the right is given the trial court to add new parties, to drop misjoined parties and to ''make such orders as to pleading over or amending as may be just.''

We are impelled to hold that the trial court erred in sustaining defendants' motion to strike plaintiff's complaint and in dismissing this suit.

For the reasons stated herein the judgment order of the circuit court of Cook county is reversed and the cause is remanded with directions that the judgment order which sustained defendants' motion to strike the complaint and dismissed the suit be vacated; that the defendants be required to answer the complaint; and that such further proceedings be had as are not inconsistent with the views expressed herein.

*Judgment order reversed, cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.