Ruth Van Kleeck et al., Appellees, v. Albert R. Vente et al., Appellants.

Gen. No. 45,069.

Opinion filed April 13, 1950. Rehearing denied April 26, 1950. Released for publication April 26, 1950.

WALTER F. CEBELIN, E. C. F. MEIER, WILEY HIGUCHI and NORBERT A. DRAKE, all of Chicago, for appellants.

FRANCIS HEISLER and JULIUS LUCIUS ECHELES, both of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendants appeal from an interlocutory order entered December 5, 1949 by the superior court of Cook county, temporarily enjoining defendants from attempting to collect on evidences of indebtedness executed by plaintiffs. The court in its order specifically found that for sufficient cause shown, the temporary injunction should issue without bond. Defendants filed no general appearance, but had filed a special appearance and were present at the time the court heard the motion for temporary injunction.

The complaint alleges in substance that the various plaintiffs are small salaried employees, earning weekly salaries of $30 to $50; that defendants operate a dance studio under a franchise from Arthur Murray Studios, and in connection with this social and graceful art, also operate a harsh and uncompromising collection agency known as B.A.N.C. (Budget Acceptance National Credit). If we may summarize the complaint, the net result of this unholy alliance of the gentle Terpsichore and the greedy Mammon has produced progeny best described by the ugly word for illegitimacy. Defendants advertised in the press that they had "an amazingly efficient Magic Step Method," by which students could learn to dance after one lesson; that thereby they attracted plaintiffs to their studio; that by many false and alluring promises set forth in the complaint and by the use of "winsome young ladies and handsome young men," defendants brought plaintiffs under their influence; that instead of being taught an "amazing Magic Step," plaintiffs were subjected to an amazing and magical system of high-pressure salesmanship, described in detail in the complaint; were offered hope of social and professional careers as dancing instructors, and wound up by signing contracts for 200, 300, and even 1000 lessons. The complaint further alleges that for this, plaintiffs were induced to pay out large sums in cash, amounting to as much as $2,300, and in addition, to sign confession of

judgment notes for balances aggregating *in toto* many thousands of dollars. The notes were then assigned to the Budget Acceptance National Credit, as if this were a transfer in due course, and they proceeded to serve demand notices on plaintiffs. Plaintiffs' attorneys call attention to a fact which is of common knowledge, that the mere receipt of such notice by an employer is often sufficient to jeopardize the position of an employee in large corporations which have rules that employees causing such annoyance may be dismissed. The small salaries earned by plaintiffs are set up in detail and it was no doubt on these general averments of the complaint that the court waived the filing of a bond.

██ Plaintiffs seek relief from the harsh contracts thus obtained and, pending determination of the issues, a temporary injunction restraining defendants from collecting or attempting to collect on the notes. Various objections to the issuance of the injunction are made by defendants. However, the proceeding is one which in our opinion is peculiarly susceptible to this sort of equitable relief pending final disposition of the case. The chancellor exercised proper discretion in granting the injunction. The filing of a special appearance is for the purpose of questioning the jurisdiction of the court. It is doubtful to us that defendants could properly raise any of the objections they make, in light of the fact that they entered only a special appearance. However, irrespective of this, our examination of the complaint and record convinces us, as we have said, that the court properly exercised its discretion in granting the temporary injunction without bond.

██ Many other objections raised by defendants are not supported by a careful reading of the authorities which they cite. The need for an injunction is obviously supported by the averments of the complaint which for this purpose we must accept as true. The

amendments made to the complaint do not go to the gist of the case. We have already discussed the question of bond. Some points made are without merit, and some may become relevant when the case is heard on its merits. We feel a discussion of them in this opinion would serve no good purpose.

*Order affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.