The People of the State of Illinois, Plaintiff-Appellee, *v.* Dennis M. Perry, Defendant-Appellant.

(No. 73-300;

Second District (2nd Division)—April 23, 1975.

Donovan, Atten, Mountcastle, Roberts, & DaRosa, of Wheaton, and Jack L. Heim, of Naperville, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an interlocutory appeal from the trial court's denial of the defendant's motion to sever a civil hearing from a related criminal trial. Pursuant to Supreme Court Rule 308(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 308(a)) the trial court certified that the matter involved a question of law on which there are substantial grounds for differences of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. The certified question: Does the scheduling of the hearing "of a civil nature concerning whether or not defendant's driving privileges should be suspended  *  *  *  at the same time, before the same judge as a bench trial, in the same courtroom, as defendant's actual trial on the charge of  *  *  *  (driving while under the influence of intoxicating liquors)  *  *  *" constitute:

"(1) a denial to the defendant of a fair trial;
(2) a denial to the defendant of due process under the Constitution of the State of Illinois and under the Constitution of the United States;
(3) a denial to the defendant of the 'equal protection of the laws' clause of the Fourteenth Amendment to the Constitution of the United States; and
(4) in contravention of Illinois Revised Statutes 1971, as amended, ch. 95½, Sections 11—501(c)(3)(h) and 11.501.1 (a)(9)(c)."

On April 28, 1973, the defendant was charged with driving under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat., 1972 Supp., ch. 95½, par. 11—501 (a)), a matter requiring criminal procedures. At the time of his arrest, defendant allegedly refused to submit to the breathalyzer test. On May 29, 1973, defendant petitioned the court for a hearing to determine whether his driving privileges should be suspended for his alleged refusal to consent to the breathalyzer examination (Ill. Rev. Stat., 1972 Supp., ch. 95½, par. 11.501.1(d)), a matter requiring civil procedures. Both matters were set for hearing at the time time, before the same

judge (jury having been waived). The defendant moved for a severance of the civil and criminal proceedings and for a different judge to hear each case. The motion was denied on the basis that the circuit court's mandatory policy was to hear the two causes at the same time. The trial court noted that were it not for the circuit's policy, he would order a severance on the grounds that the combined hearing is a denial of a fair trial.

■■ Initially, we note that severance and consolidation in either civil or criminal proceedings are matters subject to the sound discretion of the trial court, and depend upon the facts in each case. (*People v. Lindsay*, 412 Ill. 472, 480-81 (1952); *Mount v. Dusing*, 414 Ill. 361, 367 (1953)) The trial court's discretionary power is to be exercised to avoid possible prejudice to the parties. (Ill. Rev. Stat. 1971, ch. 38, par. 114—8, and ch. 110, par. 51.) While denial of the motion for severance is not reversible error in the absence of abuse of such discretion (*People v. Earl*, 34 Ill.2d 11, 13 (1966); *Rogala v. Silva*, 16 Ill.App.3d 63, 67-68 (1973)), it has been held reversible error in certain cases where the trial court failed to exercise its discretionary authority under the erroneous belief that it lacked that authority. *People v. Queen*, 56 Ill.2d 560, 565 (1974); *People v. Autman*, 58 Ill.2d 171, 176 (1974).

■■■ The facts of the present cause reveal that the trial court denied the severance because of the mandatory policy of the circuit. We find that that policy is contrary to law in that it preempts the trial judge from the exercise of discretion and, since the invalid policy was the sole basis for the ruling, denial of the motion was error.

■■ Nevertheless, we turn to the issue of whether the trial court, under the facts of this case, could deny a severance without abusing its discretionary powers. It is incumbent upon the defendant to show how he would be prejudiced by a combined trial. (*People v. Lindsay*, 412 Ill. 472, 481 (1952).) The defendant argues that the legislature, by its own statutes, recognized that a defendant would be prejudiced by a combining of the actions. Defendant cites sections 11—501(h) and 11—501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat., 1972 Supp., ch. 95½, pars. 11—501(h), 11—501.1(c)) wherein it is expressly stated that evidence of refusal to submit to the breathalyzer test is inadmissible in the criminal trial for driving under the influence of intoxicating liquors. Admission of such evidence is reversible error. (*People v. Knutson*, 17 Ill.App.2d 251, 256 (1958).) Even utterances concerning the refusal have been held of sufficient magnitude to deny the defendant a fair trial and require reversal. *People v. Boyd*, 17 Ill.App.3d 879, 883 (1974).

The State answers that the defendant in the instant cause waived a

trial by jury. Relying on the legal maxim that the trial court as the trier of fact will only consider competent evidence in reaching its decision, the State asserts that no prejudice will occur. (*People v. Pagan*, 52 Ill. 2d 525, 538 (1972).) We do not take issue with the State's position but find it inapplicable to the situation in the present cause.

■■ One of the key issues in the pending civil proceedings is to determine if the defendant refused to take a breathalyzer test. To establish this, evidence relating to his refusal may be properly admitted. In the criminal proceedings, introduction of such refusal, as previously discussed, constitutes reversible error. A combined hearing would therefore create a dilemma. The State argues that to resolve the dilemma, the trial judge would mentally separate the evidence introduced, and consider only competent evidence in each case. We find this unpersuasive under the circumstances. The rule relied upon is one applied after the fact, not before the fact as here presented by the motion for severance. We see no need for reliance upon the rule where, before trial, its use may be avoided by granting defendant the severance requested, thereby carrying out the expressed legislative mandate and assuring defendant a fair trial.

For the reasons stated, the order denying the severance is reversed and the cause remanded for further proceedings in accordance with the views expressed.

Order reversed and cause remanded.

RECHENMACHER, P. J., and DIXON, J., concur.