W. W. JAFFKE *et al.,* Plaintiffs-Appellants, v. RICHARD W. ANDERSON, d/b/a Anderson Funeral Home, *et al.,* Defendants-Appellees.—W. W. JAFFKE *et al.,* Plaintiffs-Appellees, v. RICHARD W. ANDERSON, d/b/a Anderson Funeral Home, Defendant and Cross-Appellant (Northern Illinois Funeral Directors Association *et al.,* Defendants).

Second District   Nos. 2—86—0844, 2—86—0865 cons.

Opinion filed October 23, 1987.

Norman R. Lawrence, of Aurora, for W. W. Jaffke, Arlene Jaffke, and Trinity Memorial Corporation.

Charles H. Iskowich, of De Kalb, for Richard W. Anderson.

Lloyd J. Tyler, of Tyler & Hughes, P.C., of Aurora, for appellees The Daily Chronicle, Roger Warkins, and William Wesselhoff.

JUSTICE NASH delivered the opinion of the court:

In these separate appeals, which we have consolidated for opinion, plaintiffs, W. W. Jaffke, Arlene Jaffke and Trinity Memorial Corporation, appeal from that portion of an order entered on August 21, 1986, which denied plaintiffs' motion to file a separate complaint against certain of the defendants or to sever misjoined actions. In his cross-appeal, defendant Richard Anderson, d/b/a Anderson Funeral Home, seeks reversal of that portion of the August 21 order which denied defendants' motion to strike or dismiss plaintiffs' motion to amend their complaint.

This action was commenced in May 1984, when plaintiffs filed a 10-count complaint against eight separate defendants in which plaintiffs sought the recovery of damages and injunctive relief on a num-

ber of different theories. As against those five parties to whom we will refer as the funeral home defendants, plaintiffs alleged claims sounding in slander, antitrust violations, intentional interference with contract, intentional infliction of emotional distress and loss of consortium for which they sought damages and injunctive relief. As against those three parties to whom we will refer as the newspaper defendants, plaintiffs alleged claims for libel and slander. On September 18, 1985, upon motion of defendants, the trial court dismissed plaintiffs' complaint on grounds of misjoinder and multifariousness, without leave to amend. On October 10, 1985, plaintiffs filed a motion to vacate the order dismissing their complaint, which was denied on October 28, and plaintiffs were given 28 days in which to file a motion to amend the complaint.

On November 20, 1985, plaintiffs tendered to the trial court two separate pleadings, the first entitled "Amended Complaint," bearing the trial court number of the original complaint, and the second entitled "Complaint," which was not numbered. The "Amended Complaint," which is found in the record of this case, contains seven counts directed against the funeral home defendants alleging claims similar to those of the original complaint, but excludes those counts originally directed against the misjoined newspaper defendants. The "Complaint," which we do not find in the record, was described by the trial judge as containing three counts alleging libel against only the newspaper defendants. Plaintiffs sought leave to file both complaints in this action and to sever the complaint containing the counts against the newspaper defendants which the court had found to be misjoined.

Defendants moved to strike and dismiss plaintiffs' motion to file the separate complaints and their motion for severance. On August 21, 1986, the trial court denied defendants' motions to dismiss, granted leave to plaintiffs to file their amended complaint directed to the funeral home defendants, and denied severance or leave to file in this case the complaint directed to the newspaper defendants. In its order, the trial court also found there was no just reason to delay enforcement or appeal. 107 Ill. 2d R. 304(a).

We consider first the cross-appeal of defendant Richard Anderson, d/b/a Anderson Funeral Home, from that portion of the order denying this defendant's motion to strike or dismiss plaintiffs' motion to file the complaints and sever the actions.

■ The appellate court lacks jurisdiction to entertain an appeal from an order which is not final unless it comes within one of the exceptions contained in Supreme Court Rules 306 through 308 (107 Ill.

2d Rules 306 through 308), and it is apparent none of the exceptions apply here. The portion of the order appealed from by this defendant is not final, as it did not terminate the litigation or some definite portion of it. It has often been held that an order denying a motion to strike or dismiss is not final and appealable. (*People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 117, 203 N.E.2d 897; *In re Marriage of Wass* (1981), 94 Ill. App. 3d 436, 439, 419 N.E.2d 32.) It is also well-established that a special finding by the trial court pursuant to Supreme Court Rule 304(a) will not confer appellate jurisdiction of an order which is not final. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873, 387 N.E.2d 918.) As we lack jurisdiction to review the cross-appeal of defendant Richard Anderson, it will be dismissed.

■■ This court does have jurisdiction to consider the merits of plaintiffs' appeal from that portion of the order of August 21, 1986, which denied leave to file in this case the amended complaint against the newspaper defendants. As that order terminated the litigation against those defendants, it is a final order as to them and, with the special finding made by the trial court, may be appealed pursuant to Supreme Court Rule 304(a).

Plaintiffs contend that the trial court erred in denying them leave to file in this cause both their amended complaint against the funeral home defendants and the separate complaint against the newspaper defendants. Plaintiffs assert that the trial court should then have allowed a severance of these actions which it found to have been misjoined.

The questions we consider in this case relate to the remedies available to correct a misjoinder of actions and whether the trial court abused its discretion by dismissing plaintiffs' cause of action against the newspaper defendants for misjoinder. The question becomes pointed here as plaintiffs note that the statute of limitations has run its course for the newspaper defendants, and if plaintiffs file a new action against them it may result in its dismissal on that ground.

■■ Plaintiffs' original complaint was dismissed by the trial court for misjoinder of defendants and multifariousness. Multifariousness is an equitable doctrine which prohibits the joining in one complaint of distinct and independent matters, thereby confounding them. (*Gibbs v. Harmony Systems, Inc.* (1963), 44 Ill. App. 2d 37, 43, 194 N.E.2d 369.) Multifariousness is found where distinct and independent matters are joined which require separate briefs and defenses, and the joinder of separate claims against two or more defendants. (*White v. Macqueen* (1935), 360 Ill. 236, 244-46, 195 N.E. 832.) It has been

said that an objection on the ground of multifariousness raises merely a question of convenience in conducting the suit and the court, in its discretion, must determine whether it will permit the various causes to be tried in a single suit or divided and tried in two or more suits. (*Abbe v. Andrews* (1925), 239 Ill. App. 104, 112-13.) In *Bauer v. Board of Education* (1974), 22 Ill. App. 3d 325, 317 N.E.2d 121 (abstract of opinion), this court considered issues of misjoinder and multifariousness and stated that while cases decided under the equitable doctrine of multifariousness could be helpful, it preferred to resolve the issue under the joinder requirements of the Civil Practice Act. (22 Ill. App. 3d 325, 317 N.E.2d 121.) We will consider the issue presented here under the joinder and severance provisions of the present Code of Civil Procedure. Ill. Rev. Stat. 1985, ch. 110, par. 1—101 *et seq.*

Section 2—405(a) of the Code provides for the joinder of defendants as follows:

> "Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined." (Ill. Rev. Stat. 1985, ch. 110, par. 2—405(a).)

In *Bauer*, the court found that under this provision, which was then section 24(1) of the Civil Practice Act, a cause of action against multiple defendants must arise from the same transaction or series of transactions in order to permit joinder of the defendants. *Bauer v. Board of Education* (1974), 22 Ill. App. 3d 325, 317 N.E.2d 121; accord *Denzel v. County of Cook* (1978), 65 Ill. App. 3d 286, 287-88, 382 N.E.2d 578.

It is apparent in the present case that the causes of action alleged in the plaintiffs' original complaint against the funeral home defendants and the newspaper defendants arose from separate and distinct series of transactions. The libel counts against the newspaper defendants relate to articles appearing in the De Kalb Daily Chronicle which stated that the plaintiffs had made misrepresentations in their sale of headstones. Plaintiffs' original complaint did not allege that the funeral home defendants were in any way involved in the allegedly libel-

ous publications of the newspaper. There was also a slander count against one of the funeral home defendants, but it relates to another incident, as does a slander count against one of the newspaper defendants.

■ None of the counts directed against the newspaper defendants arises from the same transactions or series of transactions as the counts directed against the funeral home defendants, which allege antitrust violations, restraint of trade, interference with contract, intentional infliction of emotional distress and loss of consortium. We conclude that the trial court correctly determined that these separate claims and defendants were misjoined in plaintiffs' original complaint, and plaintiffs do not suggest otherwise in their brief.

Initially, on finding misjoinder, the trial court dismissed all counts of the complaint against all defendants, without leave to amend. The court subsequently permitted plaintiffs to file a motion to amend their complaint, at which time plaintiffs submitted the separate amended complaint against the funeral home defendants and complaint against the newspaper defendants and moved that the misjoined actions be severed. By denying leave to file the separate complaints or sever the actions, the court effectively dismissed plaintiffs' action against the newspaper defendants, and this appeal followed.

Plaintiffs contend that they should have been permitted to file the complaint for libel against the newspaper defendants either as a separate cause in this case or as severed counts of the amended complaint against the funeral home defendants. Plaintiffs argue that liberal amendment of pleadings is permitted, which would allow the court to restructure this litigation to enable them to sustain the claims intended to be brought against all of the defendants (Ill. Rev. Stat. 1985, ch. 110, pars. 1—106, 2—616, 2—617; *Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1106, 428 N.E.2d 1061), and that they offered in the trial court to file a separate complaint in this cause against the misjoined newspaper defendants, sever the libel counts from the original complaint, or any other act ordered by the court to avoid the misjoinder problem and sustain their claim against the newspaper defendants. Plaintiffs cite *Rogala v. Silva* (1973), 16 Ill. App. 3d 63, 67-68, 305 N.E.2d 571, as a case wherein, on motion of defendant, counts of the complaint based on entirely separate transactions and involving different parties and theories from the remaining counts were found to have been properly severed for trial.

The newspaper defendants respond that the trial court acted correctly within its discretion by permitting the filing of plaintiffs' amended complaint against the funeral home defendants and rejecting

the complaint sought to be filed against these defendants. They argue that to permit the complaint to be filed in the same lawsuit, although separately labeled, would revive the misjoinder and multifariousness for which plaintiffs' original complaint was dismissed, as severance of the misjoined matters would not result in separate actions, but only in separate trials in a single action, citing *Sadler v. County of Cook* (1982), 108 Ill. App. 3d 175, 180, 438 N.E.2d 1351. Defendants also refer in support of their argument to *Bauer v. Board of Education* (1974), 22 Ill. App. 3d 325, 317 N.E.2d 121 (abstract of opinion), *Johnson v. Johnson* (1955), 5 Ill. App. 2d 453, 125 N.E.2d 843, and *Rogala v. Silva* (1973), 16 Ill. App. 3d 63, 305 N.E.2d 571. We note that in *Bauer* no request was made by plaintiff for severance for trial of the misjoined counts in the complaint, and in *Rogala* the reviewing court determined that it was not an abuse of discretion when the trial court did sever misjoined counts for trial. In *Sadler v. County of Cook* the court, when considering the issue of the appealability of severed claims under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), found that a severed claim or cause of action results in a separate trial for purposes of the Rule, rather than a separate action, as had been earlier determined in *Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 358, 387 N.E.2d 1129. Subsequently, however, in *Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.* (1986), 111 Ill. 2d 532, 490 N.E.2d 1268, our supreme court adopted the view stated in *Salyers* and permitted an appeal of a final order entered on a severed claim, finding it was unrelated to the remaining pending claims and should be treated as a separate action. 111 Ill. 2d 532, 537, 490 N.E.2d 1268.

There are few cases which have considered the question of remedies where misjoinder has been found. Section 2—407 of the Code of Civil Procedure addresses the nonjoinder and misjoinder of parties and, as to misjoinder, states:

"No action shall be dismissed for misjoinder of parties *** and parties misjoined may be dropped by order of the court, *** as the ends of justice may require and on terms which the court may fix." (Ill. Rev. Stat. 1985, ch. 110, par. 2—407.)

Although section 2—407 provides that misjoined parties may be "dropped," the term is not defined, nor has its scope in the context of this statute been considered by a reviewing court. It is apparent, however, that the legislature did not intend that the dropping of a misjoined party should result in the dismissal of the action, as that is barred by other terms of the statute. See *People ex rel. Jones v. Leviton* (1945), 327 Ill. App. 309, 319-20, 64 N.E.2d 195; *Hitchcock v. Rey-*

*nolds* (1935), 278 Ill. App. 559, 563.

■ Section 2—1006 of the Code of Civil Procedure, which provides for the consolidation and severance of cases, states that "[a]n action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1006.) It has been recognized that severance of claims is within the broad discretion of the trial court, to be exercised to avoid prejudice to the parties. *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 355-56, 366 N.E.2d 327; *People v. Perry* (1975), 27 Ill. App. 3d 565, 567, 327 N.E.2d 259.

In *Rogala v. Silva* (1973), 16 Ill. App. 3d 63, 305 N.E.2d 571, the court found no abuse of discretion where, on motion of defendant, the trial court severed for trial the two counts of plaintiff's complaint, as they were based upon different transactions and theories and involved different parties. (16 Ill. App. 3d 63, 68, 305 N.E.2d 571.) In *Johnson v. Johnson* (1955), 5 Ill. App. 2d 453, 125 N.E.2d 843, the reviewing court remarked also on the absence of precedent when considering an appeal from the denial of a motion for severance in an action for partition. There, in a single-count complaint, plaintiff sought partition of three tracts of land in which there was not a common cotenancy among the multiple defendants against whom the proceeding was brought. During argument of defendant's motion to dismiss for multifariousness, plaintiff moved for severance of the action for separate proceedings should the court find the complaint to be multifarious. Plaintiff's motion for severance was denied and the complaint dismissed. The reviewing court affirmed, finding that as plaintiff had not sought to amend the defective complaint, there remained no properly pleaded action which might be severed for trial. In so holding, the court noted that a properly pleaded action could be severed for trial under section 175 of the former Civil Practice Act (Ill. Rev. Stat. 1953, ch. 110, par. 175). (*Johnson v. Johnson* (1955), 5 Ill. App. 2d 453, 469, 125 N.E.2d 843.) Section 175 of the former Act was not changed when adopted as section 2—1006 of the present Code of Civil Procedure, and no issue of the insufficiency of the amended complaints is raised on this appeal.

■ We conclude that the trial court abused its discretion in the present case when it denied plaintiffs' motion to sever the misjoined actions for trial. In doing so, no consideration is given to the irrelevant circumstance that the statute of limitations may have run as to the newspaper defendants, and no issue is raised that plaintiffs' original complaint against those parties was not timely when filed. Plain-

tiffs' original action against all defendants was initially dismissed for misjoinder without leave to amend the complaint to correct the defect, contrary to the prohibition of section 2—407 that an action shall not be dismissed for misjoinder. When the trial court subsequently allowed plaintiffs to move to amend the complaint, they chose to bring in separate documents correcting the misjoinder, but were permitted to file only the amended complaint directed to the funeral home defendants.

In the circumstances of this case, we think a better practice would have been for plaintiff to tender a single amended complaint in separate counts against both groups of defendants, in which misjoinder was acknowledged, and severance for trial requested. In that event, the trial court would likely have exercised its discretion to permit severance under section 2—1006 in order to remedy the misjoinder without prejudice to the rights of the parties and, by doing so, given effect to section 2—407 by not effecting a dismissal of claims for misjoinder. By offering separate amended complaints, plaintiffs appeared to seek to file separate actions in the same suit, a practice which is not authorized and from which plaintiffs would have been barred had they sought to do so when filing their original complaint.

As there appears to be no requirement that plaintiffs commence a new action in order to proceed with their claims against the newspaper defendants, and that the trial court abused its discretion in denying severance of those claims in this suit, its order must be reversed.

We do not intend to here suggest a permissible means by which a plaintiff may purposefully file a complaint in which unrelated transactions and parties are misjoined as defendants. Section 2—407 of the Code of Civil Procedure permits misjoined parties to be dropped by order of the court on terms fixed by it. Where parties are not found to have been joined in good faith, the ends of justice may well require that additional filing fees be assessed or that a new action be filed.

Accordingly, the order entered August 21, 1986, will be reversed insofar as it denied severance for trial of the misjoined actions against the newspaper defendants. The cause will be remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DUNN and HOPF, JJ., concur.