JAMES E. SALYERS, Plaintiff-Appellant, *v.* BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES OF ILLINOIS *et al.*, Defendants-Appellees.
Fourth District   No. 15154

Opinion filed March 29, 1979.—Rehearing denied April 25, 1979.

Jacob Pomeranz, of Chicago, for appellant.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (Kenneth G. Kombrink, of counsel), for appellees.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On December 23, 1974, plaintiff filed a second amended complaint consisting of four counts. The complaint alleged in substance that plaintiff, a professor at Eastern Illinois University, was improperly suspended from his position for cause on March 19, 1973, because the termination was not preceded by any notice or hearing. On March 11, 1976, counts I and II, involving allegations of due process violations by the defendant Board of Governors were set for trial, and counts III and IV, involving allegations of defamation by defendants Fite and Schlauch, were severed. On May 13, 1976, upon motions for summary judgment filed by both parties, the trial court entered summary judgment for the defendants on the grounds that established post-suspension procedures which provide for a hearing adequately protect due process rights of a suspended teacher. Regarding the finality and appealability of the order, the trial court concluded:

> "For the reasons stated herein, the Defendants' Motion for Summary Judgment is allowed, and judgment is entered for Defendants on Counts I and II of the Plaintiff's Second Amended Complaint. Because the other counts of the complaint have been severed and involve separate issues and parties, this is a final and appealable order."

On June 9, 1976, plaintiff appealed to this court. This court subsequently dismissed the appeal for failure to comply with Supreme Court Rules 342, 343 (58 Ill. 2d R. 342, 343) (failure to file abstract and brief). Leave to appeal was denied by the Illinois Supreme Court. A

petition for writ of certiorari to the United States Supreme Court was also denied.

On May 11, 1978, plaintiff filed a motion pursuant to section 72(6) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72(6)) to set aside the May 13, 1976, order as void. The motion was denied by the trial court on July 6, 1978.

On appeal, plaintiff first contends that the May 13, 1976, summary judgment order failed to satisfy the requirements of Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)), which provides:

> "(a) Judgments As To Fewer Than All Parties or Claims— Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 58 Ill. 2d R. 304(a).

■■ It is quite clear that where the trial court has made no express finding that "there is no just reason for delaying enforcement or appeal" as required by the rule, an appellate court has no jurisdiction and may dismiss the appeal on its own motion. (*Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458.) Nevertheless, by its terms, Rule 304(a) applies only to single actions where multiple parties or multiple claims are involved. Where multiple parties or multiple claims are no longer involved in a single action, as in the instant case, Rule 304(a) is not applicable. Here, pursuant to its discretionary authority under section 44(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 44(2)), the trial court severed counts I and II from counts III and IV since they involved separate issues and parties. Consequently, the order of May 13, 1976, entering summary judgment for the defendants was a final judgment as to counts I and II for purposes of appeal within Supreme Court Rule 301 (58 Ill. 2d R. 301).

■■ Plaintiff alternatively contends that the summary judgment order of May 13, 1976, was void because the trial court attempted to determine issues of fact rather than a question of law. We regard this contention as being without merit. Summary judgment submits to the court a question

of law as to whether or not there is a genuine issue of triable fact. It must be shown that the moving party, having the pleadings strictly construed against him (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699), is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1973, ch. 110, par. 57(3)). It is quite evident from the order of the trial court that the case was disposed of on a question of law. The court stated in part:

> "The issue, as stated before, is whether or not the University was required to state charges, give notice to Salyers, and provide a hearing before suspension. Considering the governmental function and the private interests involved, this Court holds that [the lack of] a prior hearing is not a denial of due process because a subsequent review could give an adequate judicial determination of liability."

For the foregoing reasons, the order of the circuit court denying plaintiff's motion to vacate the summary judgment order is affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.