ROBERT SADLER, Plaintiff-Appellant, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellees.—ROBERT SADLER, Plaintiff-Appellee, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellants.

First District (5th Division)   Nos. 81—1737, 81—2405 cons.

Opinion filed July 30, 1982.

P. Scott Neville, Jr., of Chicago, for Robert Sadler.

Richard M. Daley, State's Attorney, of Chicago (Roman L. Sukley and Jane Clark Casey, Assistant State's Attorneys, of counsel), for County of Cook.

JUSTICE MEJDA delivered the opinion of the court:

On April 13, 1981, plaintiff filed a petition consisting of three counts. The petition alleged in substance that plaintiff, an employee of Cook County Hospital, was improperly discharged from his employment on May 6, 1980. Count I, grounded on breach of contract, was directed against defendants Cook County, the board of commissioners of Cook County, and their agents Donald F. Hickey and Jennie Lucente, and sought, *inter alia,* issuance of a writ of *mandamus* directing defendants to reinstate plaintiff to his former position with back pay. Counts II and III involved allegations of false imprisonment

stemming from plaintiff's arrest and detention incident to events leading to his discharge, and sought damages against defendants Cook County, the board of commissioners of Cook County, and their agents, officers Joe Parker and J. W. Morris, both Cook County Hospital security guards.

On June 17, 1981, the trial court granted plaintiff's motion for summary judgment with respect to count I of the petition, ordering: (1) that a writ of *mandamus* issue directing defendants to hold a disciplinary hearing on behalf of plaintiff; (2) directing defendants to pay back wages to plaintiff computed from June 5, 1980, until such date that the disciplinary hearing was held; and (3) severing counts II and III from the petition and transferring them to the chief judge of the law division for reassignment.

Following reassignment, on July 2, 1981, the appropriate trial court granted plaintiff's motion for summary judgment on counts II and III, and set the matter for a prove-up on damages on July 30, 1981.

On July 10, 1981, plaintiff filed a notice of appeal challenging only that portion of the June 17 order compelling defendants to hold a disciplinary hearing, and the method of computation of back pay (appellate court No. 81—1737). Then, on July 16, 1981, defendants filed post-trial motions to (1) vacate the June 17 order of *mandamus* and back pay, and (2) vacate the July 2 summary judgment on counts II and III. On July 30, 1981, the trial court granted the latter motion and vacated the July 2 judgment order.

According to defendants' brief, the motion to vacate the June 17 order of *mandamus* and back pay was denied on September 3, 1981, and defendants filed notice of appeal on September 30, 1981 (appellate court No. 81—2405).

The two appeals were consolidated on this court's motion. We have also taken for consideration with these appeals plaintiff's motion to dismiss defendants' appeal. At oral argument we questioned the appealability of the June 17 order, and therefore this court's jurisdiction to consider these appeals. We have considered the supplemental authorities submitted to this court by the parties and conclude that the instant order is not appealable, and accordingly the plaintiff's and defendants' appeals must be dismissed.

Our conclusion is based on the failure of the June 17, 1981, summary judgment order to satisfy the requirements of Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), which provides:

> "(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple

claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 73 Ill. 2d R. 304(a).

In cases involving appeal from a judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, and where the court has made no express finding that "there is no just reason for delaying enforcement or appeal" as required by the Rule, we have held that an appellate court has no jurisdiction and may dismiss the appeal on its own motion. (*Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 387 N.E.2d 1129; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458; *Peesel v. Peesel* (1973), 11 Ill. App. 3d 76, 296 N.E.2d 69.) Here, no express finding is contained in the June 17, 1981, summary judgment order which adjudicated only those claims raised in count I of the instant action.

Plaintiff contends that no special finding was required since prior to the time of filing his notice of appeal, all the remaining claims, rights and liabilities of the parties had been disposed of by the trial court's summary judgment order of July 2, 1981. This contention is without merit. The July 2, 1981, summary judgment order settled issues of liability against the defendants addressed in counts II and III, but also it expressly reserved the issue of damages for determination at a later hearing. Thus, the order was interlocutory in nature and indeed failed to conclude the litigation with respect to all claims and all parties. Moreover, the summary judgment order was vacated by the trial court on July 30, 1981, and therefore the claims, rights and liabilities with respect to counts II and III have not presently been adjudicated.

We have considered plaintiff's contention that, in essence, his filing of notice of appeal on July 10 deprived the trial court of its jurisdiction to enter any further judgment or order, including the instant order vacating summary judgment. We note that a contrary conclusion was reached in *Bitzer Croft Motors, Inc. v. Pioneer Bank & Trust Co.* (1980), 82 Ill. App. 3d 1, 401 N.E.2d 1340. There, the court considered the jurisdictional effect of one party's filing a notice of ap-

peal prior to another party's filing of an otherwise timely post-trial motion. The court held that under such circumstances, the trial court retained jurisdiction to rule upon the motion. The court observed:

"To hold otherwise would allow one party to effectively bar review of another's issues, certainty an untenable result. Section 68.3 of the Civil Practice Act allows *any* party to file a post-trial motion within 30 days of entry of a judgment, and one should not be denied his right to file such a motion just because opposing counsel files a prior notice of appeal. So too, one should not be allowed to affirmatively circumvent section 68.3 by filing a notice of appeal before opposing counsel files his post-trial motion. Either case would frustrate the primary purpose of the post-trial motion, which is to call to the attention of the trial court possible errors and give it the first opportunity to review its rulings in order to avoid multiplicity of litigation and piecemeal appeals." 82 Ill. App. 3d 1, 17, 401 N.E.2d 1340, 1352.

In our view *Bitzer Croft Motors, Inc.* disposes of plaintiff's contention here, and we deem that the trial court had jurisdiction to consider the defendants' post-trial motions, notwithstanding the notice of appeal filed by plaintiff.

Finally, plaintiff contends alternatively that no express special finding was required under Rule 304(a) essentially because (1) count I was a separate and distinct cause of action from counts II and III, and the June 17, 1981, order was therefore a final and appealable disposition in this court, and (2) the granting or denial of a petition for a writ of *mandamus* is by its nature final and appealable. These contentions are equally meritless. Notwithstanding the finality of the instant *mandamus* order, Rule 304(a), by its terms, predicates the appealability of final judgments as to fewer than all claims or parties, upon the entry of the express special finding. (73 Ill. 2d R. 304(a).) Also, we are aware of no exception to this Rule applying particularly to actions involving *mandamus* claims, nor do we believe that the trial court's severance of count I from counts II and III operated to render Rule 304(a) inapplicable here. We have considered the appellate court decision in *Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 387 N.E.2d 1129, and find that case inapposite to the situation at bar. In *Salyers*, plaintiff filed a four-count complaint, counts I and II involving allegations of due process violations against one defendant, and counts III and IV involving allegations of defamation against two separate defendants. Prior to trial the court severed counts I and II from counts III and IV, since they involved separate issues and parties.

Subsequently, summary judgment was entered on counts I and II. Regarding the appealability of the summary judgment order, the appellate court reasoned that Rule 304(a) applied only to "single actions where multiple parties and multiple claims" were involved, and since multiple parties or multiple claims were no longer involved in a "single action," because of the trial court's severance of the counts at issue, the Rule was inapplicable. 69 Ill. App. 3d 356, 358, 387 N.E.2d 1129, 1130-31.

■ Initially, we hold the *Salyers* case to be inapposite to the instant case since the three counts in the action at bar do not involve wholly separate parties. Moreover, we believe that *Salyers* adopted the premise that a discretionary severance of claims or causes of action under section 44(2) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 44(2)) results in separate "actions" as that term is used in Rule 304(a). In our view, severance pursuant to section 44(2) clearly results in separate *trials*, not separate actions. Consequently, we deem the claims involved in the instant case to be all part of a single "action," notwithstanding the severance of counts II and III from count I. Since the summary judgment order here involved less than all claims and all parties, and no special finding was entered as required by Rule 304(a), this court has no jurisdiction to consider the appeals herein presented. 73 Ill. 2d R. 304(a).

■ We note that in the absence of the required finding, the instant judgment issuing the writ of *mandamus*, by the terms of Rule 304(a), remains neither enforceable nor appealable and is subject to revision at any time before the entry of judgment which adjudicates all claims and rights and liabilities of all the parties herein. 73 Ill. 2d R. 304(a).

Accordingly, the instant appeals are dismissed.

Appeals dismissed.

SULLIVAN, P. J., and LORENZ, J., concur.