HORACE LINDSEY, Plaintiff-Appellee, v. CHICAGO PARK DISTRICT *et al.*, Defendants-Appellants.

First District (5th Division)   No. 83—2611

Opinion filed June 28, 1985.

Rick Halprin, of Chicago Park District, of Chicago, for appellants.

Patrick T. Murphy, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendants Edmund Kelly (superintendent of the Chicago park district), Rick Halprin (general attorney for the park district), the park district itself, William Lee, Sidney Marovitz, Iola McGowan, John McHugh, and William Bartholomay (all members of the park district board when this suit was filed) appeal from the circuit court's order of partial summary judgment declaring that plaintiff, Horace Lindsey, had been wrongfully discharged without a hearing from his position as superintendent of employment for the park district and re-

serving the issue of damages.

We find that we have no jurisdiction to hear the matter and consequently dismiss the appeal.

The undisputed facts which formed the basis of plaintiff's motion follow. Plaintiff was appointed as superintendent of employment for the Chicago park district on January 8, 1976, to a six-year term pursuant to statute. (Ill. Rev. Stat. 1983, ch. 24½, par. 79.) His term was therefore to expire on January 10, 1983. On September 7, 1982, defendants Lee and Marovitz (who, along with plaintiff, comprised the civil service board of the Chicago park district) issued a memorandum to the board of commissioners recommending, *inter alia*, that plaintiff be again appointed as superintendent of employment for a term ending September 13, 1988. The memorandum specifically noted that plaintiff's current term was to expire early the next year, whereas the terms of the other officers at issue had already expired.

On September 15, 1982, the board of commissioners voted to give plaintiff a new term beginning September 14, 1982, and ending September 13, 1988. However, on November 22, 1982, defendant Halprin informed the commissioners that when he authorized this appointment as to form and legality he was under the mistaken impression that plaintiff's term expired in September of 1982 rather than January 10, 1983. Halprin advised the commissioners that under his construction of the authorizing statute (Ill. Rev. Stat. 1983, ch. 24½, par. 79) the appointment was a nullity because the statute only authorized the plaintiff's appointment upon the occurrence of a vacancy and no vacancy had yet occurred. Halprin recommended that the commissioners rescind their resolution of appointment, and on November 23, 1982, they did so.

It is also undisputed that if the plaintiff's appointment was not void on this ground he was entitled to notice of charges and a hearing before being removed from office prior to the expiration of his term. Ill. Rev. Stat. 1983, ch. 24½, par. 79.

On December 17, 1982, plaintiff commenced the action in the circuit court, alleging, *inter alia*, that the real basis for the rescinding of his reappointment was that after his reappointment he openly backed the mayoral candidacy of Richard M. Daley instead of Jane Byrne. That allegation has not been resolved.

In his third amended complaint plaintiff sought: (1) a declaratory judgment stating that defendants wrongfully terminated his employment without a hearing; (2) reinstatement to his position; (3) damages for the wrongful termination; (4) damages based on a theory of retaliatory discharge.

Plaintiff subsequently moved for partial summary judgment, based on the undisputed facts we have summarized. On October 21, 1983, the circuit court entered an order stating in pertinent part:

"5. The Court finds as a matter of law that the Chicago Park District had the power and jurisdiction to reappoint the Plaintiff to a six year term in September, 1982.

IT IS HEREBY ORDERED:

I. Insofar as the Defendants had no right, pursuant to *Ill. Rev. Stat.*, ch. 24½, Sec. 79, to terminate the Plaintiff's six year term of office in November, 1982 without affording the Plaintiff a hearing, Summary Judgement is granted to the Plaintiff and against the Defendants on Plaintiff's Third Amended Complaint, filed and accepted without objection.

II. The Plaintiff is entitled to damages.

III. Any hearing regarding the amount of damages if any to which the Plaintiff may be entitled shall await the resolution of an appeal of this Court's order for this order is final and appealable."

■ It is the duty of a reviewing court to consider its jurisdiction and to dismiss an appeal in which that jurisdiction is wanting. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290, 292.) In this cause we determine that the order from which defendants seek to appeal was not final. Section 2—1005(c) of the Code of Civil Procedure authorizes a court to grant a partial summary judgment on the issue of liability alone but specifically provides that where a genuine issue remains as to the amount of damages then the judgment order as to liability is interlocutory. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) Here the trial court found that defendants were liable for terminating plaintiff without a hearing, but specifically reserved the issue of damages for later determination. It is manifest that the amount of damages if any will be a disputed matter. Indeed, in his brief on appeal plaintiff has noted that certain allegations (concerning his reliance on the new contract as enabling him to freely support Richard M. Daley) remain to be decided with the damages issue. Thus, under section 2—1005(c) the trial court's order was not a final order and was not appealable unless it fell within exceptions set out in Supreme Court Rule 307 (interlocutory appeal as of right, 87 Ill. 2d R. 307) and 308 (interlocutory appeal by permission, 87 Ill. 2d R. 308). *Harold Butler Enterprises #662, Inc. v. Underwriters at Lloyds, London* (1981), 100 Ill. App. 3d 681, 686, 427 N.E.2d 312, 316; see *Sadler v. County of Cook* (1982), 108 Ill. App. 3d 175, 178, 438 N.E.2d 1351, 1353.

It might be contended that the circuit court's order constituted a final judgment as to plaintiff's claim for declaratory relief. But, reviewing the complaint as a whole, that claim appears to be inextricably linked to plaintiff's claim for damages. The order itself indicates that the declaratory judgment was merely a preliminary step to the determination of the damages to which plaintiff might be entitled. Thus this order constitutes a judgment only as to liability with the question of damages yet undetermined. As such it is not a final order and could not be made appealable even by a finding under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) that there was no just reason for delaying enforcement or appeal. *Martino v. Barra* (1967), 37 Ill. 2d 588, 595, 229 N.E.2d 545, 549.

■ Even assuming that we were to determine that this was a final judgment as to one of a number of plaintiff's claims, the circuit court failed to make the necessary finding that there was no just reason for delaying enforcement or appeal and therefore no appeal was possible. 87 Ill. 2d R. 304(a); *Sadler v. County of Cook* (1982), 108 Ill. App. 3d 175, 178, 438 N.E.2d 1351, 1352. See *Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 358, 387 N.E.2d 1129, 1130.

Accordingly, for the reasons set forth in this opinion we must dismiss this appeal.

Appeal dismissed.

MEJDA, P.J., and SULLIVAN, J., concur.