MAR CEMENT, INC., Plaintiff-Appellee, v. DIORIO BUILDERS, INC., *et al.*, Defendants-Appellees (Lyons Savings & Loan Association, Counter-plaintiff and Former Receiver—Appellant; La Salle National Bank, as Trustee, Counterdefendant-Appellee).

Second District   No. 2—86—0264

Opinion filed March 30, 1987.

James P. Mullally, Douglas Drenk, and David Drenk, all of Guerard & Drenk, Ltd., of Wheaton, for appellant.

Fred R. McMorris, of Wheaton, for appellee Diorio Builders, Inc.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Lyons Savings and Loan Association (the receiver) appeals from an order of the circuit court of Du Page County denying receiver fees for the period after March 11, 1982. We dismiss this appeal because we do not have jurisdiction to consider it.

The receiver's appeal is from an order entered February 19, 1986, which provided:

"1. The petition for attorneys fees is granted, but only so far as to permit attorneys fees for the period of time between March 23, 1981, the date of the appointment of Lyons as receiver, and March 11, 1982, the date of the filing of the Bankruptcy Petition.

2. Request for fees subsequent to March 11, 1982 is hereby denied.

3. The cause is hereby continued to March 24, 1986 at 1:30 p.m. for prove up of fees before Judge Teschner."

The receiver, on March 24, 1986, filed a motion to certify question for appeal. The receiver in that motion stated, *inter alia*:

"a. The Order of February 19, 1986, is a final Judgment as to LYONS' claim for Receiver fees incurred after March 11, 1982;

b. The Order of February 19, 1986 does not allow LYONS an appeal under Rule 304(b);

c. The Order of February 19, 1986 does not allow LYONS an appeal under Rule 307 ***."

The receiver requested that the court find that "there is no just reason for delaying enforcement or appeal" of the February 19, 1986, order. (See 103 Ill. 2d R. 304(a).) Alternatively, if the February 19, 1986, order was found not to be a final judgment as to fewer than all of the receiver's claims, the receiver requested that the circuit court certify a question for interlocutory appeal. See 87 Ill. 2d R. 308(a).

On March 11, 1986, the circuit court, "pursuant to the agreement between counsel," continued the cause to March 24, 1986, for a hearing on the motion to certify question for appeal. The receiver on March 20, 1986, filed a notice of appeal from the February 19, 1986, order. The court entered an order on March 24, 1986, which stated, *inter alia*:

"A) Hearing [*sic*] on fees granted as to those amounts previously found due and owing by the court, by orders entered June 1, 1982 in the amount of $4929.50, and bankruptcy order of Oct. 8, 1985, in the amount of $5119.93 for expenses in case

#82B3245

B) Court certifies order of February 19, 1986 to be final and appealable as of February 19, 1986 *** [.]"

■ Neither party has raised the issue of this court's jurisdiction to decide this appeal. Even though not raised by a party, prior to deciding the merits of an appeal, an appellate court has the duty to determine whether the appeal has been properly taken so as to invoke its jurisdiction. (*In re Custody of Jedynak* (1984), 123 Ill. App. 3d 185, 186, 462 N.E.2d 908, 909.) We therefore will consider whether this appeal was properly taken. We conclude that the order appealed from was not final, that the appeal is not a proper appeal from an interlocutory order, and that we therefore lack jurisdiction of this appeal.

■ This court has jurisdiction to review only a final judgment or order unless there is some basis for an interlocutory appeal. (*Myers v. Myers* (1977), 51 Ill. App. 3d 830, 837, 366 N.E.2d 1114, 1121.) The order at bar denied in part the receiver's claim for fees. Such an interlocutory order is not appealable as of right (87 Ill. 2d R. 307(a)) or on petition for leave to appeal to this court (87 Ill. 2d R. 306(a)). The trial court never found that "the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and the receiver never applied for leave to appeal in this court, so the requirements for appealing an interlocutory order not otherwise appealable were not met. (87 Ill. 2d R. 308.) It is, thus, apparent that this court does not have jurisdiction of the matter at bar as an interlocutory appeal.

The order appealed from did not completely dispose of the case with respect to all claims and all parties. Therefore, Supreme Court Rule 304 governs its appealability. 103 Ill. 2d R. 304.

■ Rule 304(a), on "an express written finding that there is no just reason for delaying enforcement or appeal," permits "an appeal [to] be taken from a final judgment as to one or more but fewer than all of the parties or claims" involved in an action. (103 Ill. 2d R. 304(a).) This rule is not applicable to the case at bar. Rule 304(a) applies only to judgments. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120, 382 N.E.2d 1217, 1220.) A judgment is "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119, 382 N.E.2d 1217, 1219.) The order appealed is not a judgment and so not appealable under Rule 304(a).

■ The order of February 19, 1986, which the receiver appeals

from, determined that the receiver was entitled to fees for the period between March 23, 1981, and March 11, 1982; determined that the receiver was not entitled to fees for the period after March 11, 1982; and continued the case to March 24, 1986, for prove up of the fees. This order was not a judgment, since "[i]t did not settle or finalize any rights between the parties." (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120, 382 N.E.2d 1217, 1220.) A preliminary matter—the periods of time during which the receiver could and could not claim fees for its services—was decided. However, the final determination of the amount of fees to which the receiver was entitled was expressly left for subsequent decision. The order at bar was thus not a judgment because it did not dispose of a separate claim between the parties. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120, 382 N.E.2d 1217, 1220 (an order considering and rejecting a defendant's defense held not to dispose of a separate claim between the parties for purposes of Rule 304(a)).

Rule 304(b) provides in part:

"The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

\*\*\*

(2) A judgment or order entered in the administration of a receivership \*\*\* which finally determines a right or status of a party and which is not appealable under Rule 307(a)." (103 Ill. 2d R. 304(b).)

The Committee Comments to this rule state:

"Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters.

\*\*\*

Subparagraph (2) is comparable in scope to subparagraph (1) but excepts orders that are appealable as interlocutory orders under Rule 307. Examples of orders covered by subparagraph (2) are an order allowing or disallowing a claim and an order for the payment of fees." (103 Ill. 2d R. 304, Committee Comments.)

Thus, an order for the payment of receiver fees which is final in character is appealable under Supreme Court Rule 304(b)(2) (103 Ill. 2d R. 304(b)(2)). (*Aetna Life Insurance Co. v. H. W. Stout & Associates, Inc.* (1983), 112 Ill. App. 3d 570, 574-75, 445 N.E.2d 1288, 1291; *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042-43, 389 N.E.2d 182, 186; see *People ex rel. Russel v. Illi-*

*nois State Bank* (1924), 312 Ill. 613, 144 N.E. 327.) The order the receiver appeals from was not final in character and so was not appealable under Rule 304(b)(2).

For the order of February 19, 1986, to be appealable it must have finally determined a right or status of a party. (103 Ill. 2d R. 304(b)(2).) The test for determining whether an order is final has been stated:

> "The test is whether the order appealed from constitutes a final determination of the rights of the parties with respect to a definite and separable portion of the subject matter. [Citation.]" (*St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co. of America* (1979), 73 Ill. App. 3d 935, 940, 393 N.E.2d 611, 616.)

The Illinois Supreme Court, albeit in different language, set forth essentially the same test over 60 years ago.

> "The test is whether the decree or order appealed from determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration." (*Hoier v. Kaplan* (1924), 313 Ill. 448, 450, 145 N.E. 243, 244.)

There are thus logically two considerations in determining whether an order is final. First, did it finally determine any rights of the parties? Second, was that determination with respect to matters sufficiently distinct from other portions of the still pending litigation?

In the motion to certify question for appeal in the trial court, the receiver attempted to segregate the portion of the February 19, 1986, order denying receiver fees for the period after March 11, 1982, from the rest of the fees question. However, the question of the receiver's entitlement to fees after March 11, 1982, is not distinct and separable from the question of the receiver's entitlement to fees for other periods of time, or from the question of the amount of fees to which the receiver was entitled. Therefore, to be appealable under Rule 304(b)(2), the order of February 19, 1986, would have to finally determine the receiver's right to fees generally and not just to fees after March 11, 1982.

■ The order of February 19, 1986, was not a final determination of the receiver's right to fees because, while it did resolve the question of which periods the receiver could be paid for, it expressly left to a subsequent date the determination of the amount of fees the receiver was to be paid. (See *Lindsey v. Chicago Park District* (1985), 134 Ill. App. 3d 744, 746-47, 481 N.E.2d 58, 60 (order determining liability but reserving issue of damages held not to be a final order).)

This appeal therefore cannot properly be taken under Supreme Court Rule 304(b)(2) (103 Ill. 2d R. 304(b)(2)).

Therefore, this appeal must be dismissed.

Appeal dismissed.

REINHARD and DUNN, JJ., concur.