CHARTER BANK, formerly First Federal Savings and Loan Association of Sparta, Plaintiff, v. JAMES A. ECKERT et al., Defendants and Counterplaintiffs (Donald A. Cook, Defendant and Counterdefendant and Counterplaintiff-Appellee; Frederick C. Stiles, Defendant and Counterdefendant-Appellant; Forrest Hall et al., Defendants).

Fifth District   No. 5—89—0545

Opinion filed June 12, 1990.

Norma J. Beedle, of Carbondale, for appellant.

Robert P. Schulhof, of Carbondale, for appellee.

JUSTICE RARICK delivered the opinion of the court:

On January 4, 1989, Charter Bank filed a foreclosure action in the circuit court of Jackson County naming James Eckert, Larry Eckert, the Eckert Land Company, Donald Cook, Frederick Stiles, the Forrest Hall partnership, and all unknown claimants of record as defendants.

The record indicates that on August 29, 1986, the Eckerts and the Eckert Land Company borrowed $450,000 from Charter Bank to purchase the Forrest Hall dormitory in Carbondale, Illinois, securing the note with a mortgage on the premises. On or about December 31, 1986, they sold the property to Donald Cook, who immediately sold it to Forrest Hall, a Michigan based partnership composed of Cook and Frederick Stiles. On October 3, 1988, Cook sold his interest in the partnership to Stiles.

Defendants James Eckert, Larry Eckert, and the Eckert Land Company filed an answer to the foreclosure action and a counterclaim against Donald Cook, alleging that Cook had agreed to assume the

mortgage and all obligations secured thereby. The answer and counterclaim were verified by the Eckerts' attorney, but not by any of the parties.

On February 24, 1989, the trial court heard and denied Stiles' motion to dismiss Charter Bank's complaint as to him. Stiles also filed a motion to excuse verification of all pleadings as he resided outside the State of Illinois and was temporarily out of the United States.

On March 1, 1989, Cook filed an answer to Charter Bank's complaint for foreclosure, an answer to the Eckerts' counterclaim alleging that Stiles now owned the property in question, and a counterclaim against Stiles alleging that he had conveyed all of his interest in the property to Stiles and that as a result of Stiles' failure to pay the mortgage, he had incurred attorney fees and could become liable to the Eckerts for any deficiency.

On March 15, 1989, Stiles filed an answer to Charter Bank's complaint for foreclosure and an affirmative defense, alleging that he and Cook had expressly agreed pursuant to a written agreement that Cook assume all obligations with respect to the mortgage and that he did not assume the mortgage nor the obligation to pay the note secured thereby. On March 21, 1989, Stiles filed an answer to Cook's counterclaim and an affirmative defense alleging that neither he nor the Forrest Hall partnership had assumed the mortgage or the note and that Cook had agreed to assume the mortgage. This answer was not verified by Stiles or his attorney.

On March 31, 1989, the trial court entered a written order denying Stiles' motion to dismiss and granted a motion by Stiles' attorney excusing verification of Stiles' answer. While the written order refers to this as an oral motion, it presumably refers to Stiles' written motion filed on February 24, 1989, the day of the hearing.

On April 5, 1989, Cook filed a denial of Stiles' affirmative defense and a motion for judgment on the pleadings. In his motion, Cook argued that because Stiles' answer to his counterclaim was unverified, all matters alleged therein were admitted pursuant to section 2—605(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—605(b)) and that even if section 2—605(b) did not support a judgment on the pleadings, Stiles' answer admitted the essence of Cook's counterclaim.

On April 13, 1989, Stiles filed a motion to excuse verification of his pleadings based upon his temporary residence in Mexico, along with a response to Cook's motion for judgment on the pleadings and a verification of his answer to Cook's counterclaim signed by his attorney. After a hearing on June 8, 1989, the trial court denied the mo-

tion to excuse verification and told Stiles' attorney that the March 31, 1989, order excusing verification related only to Stiles' answer to Charter Bank's complaint. The court also found that Stiles' attorney could not verify a pleading, that his answer to Cook's counterclaim was therefore unverified and did not constitute an answer. The court also found that regardless of whether the unverified answer could stand, Stiles had admitted the essence of Cook's counterclaim. Cook's motion for judgment on the pleadings was granted and a docket entry to that effect was made. The amount of damages was reserved for prove up at a later date.

On June 20, 1989, Stiles filed a personally verified answer and affirmative defense, along with a motion to vacate the judgment on the pleadings. On July 13, 1989, the trial court's written order granting judgment on the pleadings against Stiles in favor of Cook was entered.

Stiles advances numerous arguments on appeal challenging the trial court's determination that his answer to Cook's counterclaim was unverified and therefore did not constitute an answer, and that the allegations of Cook's counterclaim were therefore admitted. Stiles maintains that attorney verification of the complaint was legally sufficient, that because the court accepted unverified and attorney-verified pleadings from other parties, Stiles' attorney-verified answer should also be accepted on equitable principles, and that section 2—605 does not require verification unless the execution of the instrument is challenged. We need not, in fact cannot, address Stiles' arguments as the order granting judgment on the pleading was not a final and appealable order.

■■■ This court has jurisdiction to hear an appeal only from a final judgment or order. For a judgment or order to be final, it must constitute a final determination of the rights of the parties with respect to a separate and distinct portion of the subject matter so that if affirmed, the trial court need only to proceed with execution of the judgment. (*Santana v. Zipperstein* (1986), 142 Ill. App. 3d 386, 491 N.E.2d 1231.) The order granting Cook's motion for judgment on the pleadings specifically provided that the determination of the amount of damages was reserved until after the sale of the real estate, and there is nothing in the record to indicate that damages were ever determined. Because the court reserved the issue of damages for a later determination and because that determination was never made, the court's order granting Cook judgment on the pleadings was not final. (See *Mar Cement, Inc. v. Diorio Builders, Inc.* (1987), 153 Ill. App. 3d 798, 506 N.E.2d 381; *Lindsey v. Chicago Park District* (1985), 134

Ill. App. 3d 744, 481 N.E.2d 58.) Further, absent a finding pursuant to Supreme Court Rule 304 (107 Ill. 2d R. 304) that there is no just cause for delaying an appeal, a foreclosure action is not final and appealable until the trial court approves the foreclosure sale and distribution of proceeds. (*Marion Metal & Roofing Co. v. Mark Twain Marine Industries, Inc.* (1983), 114 Ill. App. 3d 33, 448 N.E.2d 219; *King City Federal Savings & Loan Association v. Ison* (1980), 80 Ill. App. 3d 900, 400 N.E.2d 562.) We therefore conclude that this court lacks jurisdiction to hear Stiles' appeal and the same is hereby dismissed.

Appeal dismissed.

HOWERTON and GOLDENHERSH, JJ., concur.