CARMEN ORTIZ, Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants and Cross-Appellees, v. GENERAL MOTORS ACCEPTANCE CORPORATION, INC., *et al.*, Defendants-Appellees and Cross-Appellants.

First District (4th Division) No. 1—94—1901

Opinion filed November 14, 1996.

Legal Assistance Foundation, of Chicago (David S. Yen, James Biggs, and Paul Rathburn, of counsel), for appellants.

Kirkland & Ellis, of Chicago (Frank Cicero, Jr., P.C., Thomas E. Dutton, and Douglas R. Cole, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:
Plaintiffs bought automobiles in Illinois and financed their

purchases through retail installment contracts with the dealers who sold the autos. Each retail installment contract required plaintiffs to maintain property damage insurance coverage on the autos and allowed the contract holder to buy single interest insurance (SII), which protects only the contract holder's investment in the vehicle, if the plaintiffs failed to maintain their insurance. The contracts with plaintiffs were assigned to defendant, General Motors Acceptance Corporation (hereinafter GMAC), which later bought SII after the plaintiffs failed to maintain their insurance.

Plaintiffs filed a four-count class action. Count I alleges that GMAC's purchase of SII violated the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1992)). Count IV alleges that the purchase violated the Sales Finance Agency Act (205 ILCS 660/1 *et seq.* (West 1992)). Partial summary judgment was entered for each of the parties on count I. Summary judgment was entered for GMAC on count IV. The court made a written finding, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), that "there is no just cause for delay of enforcement or appeal" of its order. Plaintiffs appeal from summary judgment for GMAC on part of count I and all of count IV. GMAC cross-appeals from partial summary judgment for plaintiffs on count I. Counts II and III are not part of this appeal.

■ First, we address our jurisdiction of count I. *Prado v. Evanston Hospital*, 72 Ill. App. 3d 622, 624 (1979). A judgment must be final for the appellate court to have jurisdiction over an appeal, unless a statutory or supreme court rule exception applies. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). A judgment is final if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. *Verdung*, 126 Ill. 2d at 553.

■ Count I states a single theory of recovery—violation of the Consumer Fraud Act—by way of multiple subparagraphs. The trial court granted summary judgment for plaintiffs on only paragraphs 77(f) and 78(f) of count I, which alleged that GMAC violated the Consumer Fraud Act by charging for more insurance than provided under the policy. The trial court did not award damages, and, therefore, the order granting summary judgment on paragraphs 77(f) and 78(f) of count I is not final. *Charter Bank v. Eckert*, 198 Ill. App. 3d 499, 502 (1990). As a result, we have no jurisdiction to review the partial summary judgment to each party on count I. See *Hull v. City of Chicago*, 165 Ill. App. 3d 732 (1987) (when a single claim is stated by multiple subparagraphs, an appeal cannot be taken until the trial court enters a final order on *all* of the subparagraphs). This is true

even where, as here, the trial court made a Rule 304(a) finding. See *Rice v. Burnley*, 230 Ill. App. 3d 987, 991 (1992) ("the fact that an order contains the requisite Rule 304(a) language does not make a nonfinal order appealable"). Accordingly, we dismiss plaintiffs' appeal and GMAC's cross-appeal from partial summary judgment on count I.

Next, we address our jurisdiction of count IV. We have reviewed the orders from which this appeal is taken, and the summary judgment for GMAC on subparagraphs 82, 83, 84, 85, 86, 87, and 88 of count IV is a final order.

It is well established that the trial court should grant summary judgment only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1992).

■ First, plaintiffs argue the trial court erred by granting summary judgment for GMAC on paragraph 82 of count IV. Plaintiffs claim that GMAC's failure to send them a copy of the SII policy or otherwise explain its terms and limitations, as required by Rules 17(c)(4) and (c)(5) of the Department of Financial Institutions, violated section 8.2 of the Sales Finance Agency Act.

Section 8.2 of the Sales Finance Agency Act prohibits:

> "[w]illful violation or aiding any person in the willful violation of *** any rule or regulation promulgated by the Director [of Financial Institutions]." 205 ILCS 660/8.2 (West 1992).

Department of Financial Institutions Rule 17(c)(4) states:

> "It shall be the licensee's responsibility to explain clearly to the obligor the type, cost, benefits and limitations of any insurance requested by licensee after acquisition of the account." 38 Ill. Adm. Code § 160.170(c)(4) (1996).

Department of Financial Institutions Rule 17(c)(5) states:

> "The licensee shall also deliver or cause to be delivered to the obligor a copy of the policy, or policies, certificate, or other evidence thereof acquired by the licensee in connection with the indebtedness." 38 Ill. Adm. Code § 160.170(c)(5) (1996).

However, Rule 17(c) applies only to insurance *"provided by a licensee for a buyer."* (Emphasis added.) 38 Ill. Adm. Code § 160.170(c) (1996). It is undisputed that GMAC buys SII only after the plaintiff car buyer defaults on his obligation to maintain his own insurance, and the SII protects only GMAC's investment in the vehicle, not the plaintiff's investment. Thus, GMAC purchases SII for itself, not "for a buyer." Department of Financial Institutions Rule 17(c), therefore, does not apply here as a matter of law, and the trial court properly granted summary judgment for GMAC on paragraph 82 of count IV.

■ Second, plaintiffs argue the trial court erred in granting summary judgment for GMAC on paragraph 83 of count IV. Plaintiffs claim that GMAC's failure to send plaintiffs a copy of the SII policy within 30 days after the date of the purchase of the insurance, as required by section 9 of the Motor Vehicle Retail Installment Sales Act (815 ILCS 375/9 (West 1996)), violated section 8.3 of the Sales Finance Agency Act. Section 8.3 of the Sales Finance Agency Act prohibits:

"[a]iding or conspiring to aid any person in the willful violation of *** the Motor Vehicle Retail Installment Sales Act." 205 ILCS 660/8.3 (West 1992).

Section 9 of the Motor Vehicle Retail Installment Sales Act provides in relevant part:

"All insurance which is purchased by the seller or holder *and for which an amount is included in a contract* must be written by an insurance company authorized to do business in the State and the seller or holder is responsible as though such insurance were in force from the date the buyer takes possession of the vehicle. The holder of a contract *which includes an amount for insurance* purchased by the seller or holder must, within 30 days *after the date of the contract*, cause to be sent to the buyer the policies or certificates of insurance clearly setting forth the amount of the premium, the types of insurance, the coverages and all the terms, exceptions, limitations, restrictions and. conditions of the insurance ***." (Emphasis added.) 815 ILCS 375/9 (West 1992).

Thus, contrary to plaintiffs' argument, the clear language of section 9 of the Motor Vehicle Retail Installment Sales Act states that the holder must send the plaintiff (buyer) a copy of the insurance policy within 30 days after the date of the contract, not the date of the purchase of the insurance. Further, the holder must send the plaintiff a copy of the insurance policy only if the contract "includes an amount for insurance." 815 ILCS 375/9 (West 1994). Here, GMAC acquired retail installment contracts from a seller only if the plaintiffs had already obtained insurance coverage. Therefore, none of the relevant contracts GMAC initially acquired included an amount for insurance, because the plaintiffs had their *own* insurance policies. Later, after the plaintiffs breached their agreement to maintain property damage insurance coverage, GMAC purchased SII and added the premium to the plaintiffs' accounts. However, the contracts were never rewritten to include therein an amount for insurance. Accordingly, section 9 of the Motor Vehicle Retail Installment Sales Act does not apply here as a matter of law, and the trial

court properly granted summary judgment for GMAC on paragraph 83.

■ Third, plaintiffs argue the trial court erred by granting summary judgment for GMAC on paragraphs 84 and 85 of count IV. Plaintiffs claim that GMAC violated sections 8.4 and 8.5 of the Sales Finance Agency Act by purchasing retail installment contracts in violation of section 8 of the Motor Vehicle Retail Installment Sales Act.

Section 8.4 of the Sales Finance Agency Act prohibits:

"[e]xcept for honest mistake, purchase of any retail contract, retail charge agreement, or evidence of indebtedness thereunder, which on its face violates *** the Motor Vehicle Retail Installment Sales Act." 205 ILCS 660/8.4 (West 1992).

Section 8.5 of the Sales Finance Agency Act prohibits:

"[p]urchase of any retail contract, retail charge agreement, or evidence of indebtedness thereunder after actual knowledge that the contract, agreement or evidence of indebtedness violates *** the Motor Vehicle Retail Installment Sales Act." 205 ILCS 660/ 8.5 (West 1992).

Section 8 of the Motor Vehicle Retail Installment Sales Act provides in relevant part:

"A seller under a retail installment contract may require insurance against substantial risk of loss of or damage to the motor vehicle, protecting the seller or holder *as well as the buyer \****.*" (Emphasis added.) 815 ILCS 375/8 (West 1992).

Plaintiffs argue that section 8 of the Motor Vehicle Retail Installment Sales Act requires property damage insurance protecting the seller or holder of the contract *and* the buyer (plaintiffs). Plaintiffs contend that the retail installment contracts held by GMAC violate section 8 of the Motor Vehicle Retail Installment Sales Act by allowing GMAC to purchase SII, which protects only GMAC's (the holder's) interest in the autos, if the plaintiffs fail to maintain property damage insurance coverage.

We disagree. Section 8 of the Motor Vehicle Retail Installment Sales Act allows a seller to require property damage insurance protecting both plaintiff's and seller's interest in the auto. However, section 8 does not prohibit a holder from purchasing SII to protect only its interest in the auto when, as here, the plaintiffs have breached their agreement to maintain such property damage insurance. Thus, the retail installment contracts do not violate section 8 of the Motor Vehicle Retail Installment Sales Act as a matter of law. Accordingly, the trial court properly granted summary judgment for GMAC on paragraphs 84 and 85 of count IV.

■ Fourth, plaintiffs argue the trial court erred by granting summary judgment for GMAC on paragraph 86 of count IV. Plaintiffs claim that GMAC violated section 8.7 of the Sales Finance Agency Act.

Section 8.7 of the Sales Finance Agency Act prohibits:
"[u]se of printed or otherwise mechanically reproduced forms which are misleading or deceptive in whole or in part." 205 ILCS 660/8.7 (West 1992).

GMAC sent two form letters to plaintiffs disclosing information about SII. Plaintiffs contend those letters were deceptive and misleading because they did not inform plaintiffs about various important terms and limitations that make SII function differently than the more common dual interest insurance, which protects the plaintiffs' interest in their vehicles. In support, plaintiffs cite the statements of GMAC employees and a linguistics professor that the letters created confusion about how SII differed from dual interest insurance. We review the letters themselves to determine whether they are clear and unambiguous.

The first letter states "if you are unable to obtain the required insurance, we may, under the terms of your contract, order Single Interest Insurance. This coverage partially protects GMAC against Fire, Theft and Collision damage while the vehicle is financed. *** **Single Interest insurance does not protect your investment in the vehicle.** It is to your benefit to obtain the Dual Interest Insurance coverage which protects your interest and GMAC's." The letter also sets forth a telephone number to call if the addressee has any questions.

The second letter states "we would like to remind you that Single Interest Insurance does not protect your investment in the vehicle and only partially protects GMAC against Fire, Theft and Collision damage while the vehicle is financed."

This case is similar to *Fineman v. Citicorp*, 137 Ill. App. 3d 1035 (1985). There, Citicorp sent a brochure to credit cardholders describing "free $100,000 common carrier travel insurance" for those who paid an increased fee. Plaintiffs brought suit alleging that omissions from the brochure, such as the identity of the insurer, policy exclusions, and cancellation provisions, caused the brochure to be deceptive or confusing. The trial court dismissed the complaint.

The appellate court affirmed, noting that the alleged omissions are contained in every insurance policy, the terms of the policy did not conflict with the description given in the brochure, and that plaintiffs could have called a toll-free number for any further information they needed. *Fineman*, 137 Ill. App. 3d at 1042. Therefore,

the omissions from the brochure were not deceptive or confusing. *Fineman*, 137 Ill. App. 3d at 1042.

Similarly, the terms of the SII policy did not conflict with the letters sent to plaintiffs, and the first letter provided a telephone number plaintiffs could have called for further information. Plaintiffs argue, though, that unlike *Fineman*, the terms omitted from the letters varied from the terms of the more typical dual interest insurance. However, the letters clearly stated that SII only protected GMAC's investment in the vehicle and that it was in the plaintiffs' interest to obtain dual interest insurance protecting their interest in the automobile; thus, the letters put plaintiffs on notice that SII differed from and was less comprehensive than dual interest insurance, and they provided a method by which plaintiffs could have received any further information they needed. Accordingly, we find as a matter of law that the letters were not "misleading or deceptive" such that they violated section 8.7 of the Sales Finance Agency Act and, because we find the terms of the letters to be clear and unambiguous, we need not consider any parol evidence. See *Grand-Kahn Electric, Inc. v. Transportation Building Corp.*, 15 Ill. App. 3d 580 (1973). Accordingly, the trial court properly granted summary judgment for GMAC on paragraph 86 of count IV.

Fifth, plaintiffs argue the trial court erred by granting summary judgment for GMAC on paragraph 87 of count IV. Plaintiffs claim GMAC violated section 8.9 of the Sales Finance Agency Act by "fraudulently misrepresenting, circumventing, concealing by subterfuge and device the type, cost, benefits and limitations of the [SII] purchased by GMAC for the [plaintiffs]."

Section 8.9 of the Sales Finance Agency Act prohibits:

> "[f]raudulent misrepresentation, circumvention or concealment by the licensee through whatever subterfuge or device of any of the material particulars or the nature thereof required to be stated or furnished to a retail buyer under the *** Motor Vehicle Retail Installment Sales Act." 205 ILCS 660/8.9 (West 1992).

Paragraph 87 essentially repeats the allegations of paragraph 86 that GMAC failed to disclose how SII functioned differently from dual interest insurance. As discussed earlier, we find as a matter of law that GMAC adequately disclosed the differences between the two types of insurance. Accordingly, the trial court properly granted summary judgment for GMAC on paragraph 87 of count IV.

■ Finally, plaintiffs argue the trial court erred by granting summary judgment for GMAC on paragraph 88 of count IV. Plaintiffs claim GMAC violated sections 8 and 9 of the Motor Vehicle Retail Installment Sales Act and Department of Financial Institutions Rules

250

17(c)(4) and (c)(5) by purchasing SII and failing "to send the [plaintiffs] the policies or certificates of insurance setting forth the amount of the premium, the types of insurance, the coverages and all the terms, exceptions, limitations, restrictions and conditions of the insurance." Paragraph 88 essentially repeats the allegations of paragraphs 82, 83, 84, 85, 86, and 87, on which the trial court properly granted summary judgment in GMAC's favor. Accordingly, the trial court also properly granted summary judgment for GMAC on paragraph 88 of count IV.

We have found that GMAC did not violate either the Department of Financial Institutions' rules or the Motor Vehicle Retail Installment Sales Act. Therefore, we need not address GMAC's argument that no private right of action exists for a violation of the Department of Financial Institutions' rules or the Motor Vehicle Retail Installment Sales Act.

For the foregoing reasons, we dismiss plaintiffs' appeal and GMAC's cross-appeal from the partial summary judgment for each party on count I and affirm the summary judgment for GMAC on count IV.

Dismissed in part and affirmed in part.

HOFFMAN, P.J., and THEIS, J., concur.